**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

EVA A.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-292

Rose, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Eva A. filed this Social Security appeal to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. For the following reasons, the undersigned recommends that the Commissioner's decision be AFFIRMED.

### I. Summary of Administrative Record

On February 28, 2023, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. Plaintiff initially alleged disability beginning on January 1, 2022, later amending the alleged onset date to June 30, 2024. Plaintiff's applications were denied initially and on reconsideration.

On August 21, 2024, Plaintiff appeared with counsel and testified at a telephonic hearing before Administrative Law Judge ("ALJ") Nicholas Schwalbach. A vocational

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

expert and impartial medical expert also appeared and testified. On August 27, 2024, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled. The Appeals Council declined further review, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff then filed this judicial appeal.

Plaintiff was born in 1996 and was 25 years old on the alleged disability onset date. (Tr. 33). She has a limited education and had not engaged in substantial gainful activity since the alleged onset date. (Tr. 26, 34).

Based on the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "schizoaffective disorder, PTSD, anxiety, and depression." (Tr. 27). Considering Plaintiff's impairments individually and in combination, the ALJ determined that none met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*). The ALJ determined that, despite these impairments, Plaintiff retains the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following nonexertional limitations:

> the claimant is able to understand, remember, and carry out simple instructions and perform routine tasks; use judgment to make simple work-related decisions; can perform goal-oriented work (e.g. office cleaner) but is unable to perform at production-rate pace (e.g. assembly line work); she can have occasional contact with coworkers and supervisors but no teamwork or tandem tasks; she can have no contact with the public as part of her duties; and can tolerate occasional changes in an otherwise routine work setting.

(Tr. 29). Based on the RFC and testimony from the VE, the ALJ agreed that Plaintiff could not perform any past relevant work. (Tr. 33). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff could perform other jobs that exist in significant numbers in the national economy, including the representative occupations of industrial cleaner, floor waxer, and laundry worker. (Tr. 34). The ALJ concluded that

Plaintiff was not disabled from June 30, 2022, the amended alleged onset date, through the date of the decision. (Tr. 35).

In this case, Plaintiff contends that the ALJ failed to properly evaluate prior administrative medical findings for supportability and consistency, as required by 20 C.F.R. §§ 404.1520c and 416.920c. (Doc. 8).

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion....

> The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 139 S. Ct.1148, 1154 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ Properly Evaluated the Prior Administrative Medical Findings**

Plaintiff argues that the ALJ committed reversible error in evaluating the medical source statement and opinions of Nurse Practitioner Cathrine Miller. (Doc. 8). Specifically, Plaintiff claims that the ALJ failed to adequately address the “supportability” factor required under 20 C.F.R. § 404.1520c. (*Id.* at PageID 611).

20 C.F.R. § 404.1520c requires that an ALJ evaluate the “persuasiveness” of each medical opinion by considering multiple factors, including “supportability” and “consistency.” 20 C.F.R.. §404.1520c(c). With respect to the supportability factor, “[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be.” 20 C.F.R. § 416.920c(c)(1). Similarly, “[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s). . . .” 20 C.F.R. § 416.920c(c)(2).

The undersigned finds no error in the ALJ’s analysis in this case, as the decision properly considered the supportability and consistency of Miller’s opinion and adequately explained the reasoning behind the decision. In formulating Plaintiff’s RFC, the ALJ considered—along with the other medical opinions, treatment notes, and prior administrative findings in the record—Nurse Practitioner Miller’s medical source statement and opinions. Miller opined that Plaintiff had marked deficits in understanding remembering, and carrying out simple instructions and to make judgment on simple work-related decisions. Miller further opined that Plaintiff had extreme deficits with respect to complex instructions and work-related decisions, as well as extreme limits in interacting with the public, supervisors, coworkers, and responding appropriately to usual work

situations even within a routine setting. Finally, Miller opined that due to severe anxiety and cognitive impairments, Plaintiff was unable to maintain focus or comprehend information. According to Miller, Plaintiff would be off task at least twenty-five percent of the workday and would miss more than four days of work per month. (Tr. 32, 545-47).

The ALJ found Miller's opinion unpersuasive, concluding that the opinion was unsupported and inconsistent with other clinical records indicating intact psychological/cognitive functioning. With respect to the supportability of the opinion, the ALJ noted that Miller's opinion was not supported by her own treatment notes, which the ALJ determined generally demonstrated stable and largely intact mental status. (Tr. 32). Although Plaintiff disputes this finding, the ALJ's decision included substantial evidence to support his conclusion.[2] This included consideration of Miller's May and June 2024 treatment notes (*see* Tr. 31, 32) which, although includes some abnormal findings, described Plaintiff as being cooperative, alert and engaged throughout the appointments; having broad and congruent affect; oriented to person, place, time and situations; expressing logical, tangible thoughts and denying any delusions or paranoia; concentrating throughout the appointment and answering questions readily; and having good insight into her diagnosis. (*See* Tr. 537, 540). Regarding the inconsistencies between Miller's treatment notes and medical source statement, Dr. James Brooks also testified as follows:

> In terms of the B criteria based on 12.04, 12.06 and 12.15 what I'm struggling with here is the middle questionnaire, in 6F because the nurse

[2] The undersigned notes that even if a reviewing court would resolve the factual issues differently, when supported by substantial evidence, the Commissioner's decision must stand. *See Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Indeed, the Sixth Circuit upholds an ALJ's decision even where substantial evidence both contradicts and supports the decision. *Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1235 (6th Cir. 1993). For these reasons, the ALJ's decision is substantially supported in this regard and should not be disturbed.

> practitioner there put all those in the marked or extreme category. And yet through the record we have statements that cognitive function is generally intact. In fact, in the same treatment source in 5F on Page 88, it says that the claimant's thoughts were within normal limits, she concentrated throughout the appointment, did answer questions readily, et cetera. So it troubles me as to how that would lead to marked and extreme limitations given that the cognitive functioning is generally described as intact in the records. (Tr. 75).

With respect to the treatment notes, the ALJ determined that they "fail to provide strong support for the claimant's allegations regarding the intensity and limiting effects of [her mental] symptoms." (Tr. 30). The ALJ acknowledged some abnormal psychiatric findings but reasonably concluded that the entire record documented intact cognitive functioning and "generally unremarkable objective mental status examination findings" inconsistent with the degree of limitation assessed by Miller. (Tr. 32). For example, in July 2022, despite being noted as anxious and depressed, Plaintiff's mental status examinations described her with good insight and judgment, active, alert, oriented, and with intact/normal remote and recent memory. (Tr. 30). The ALJ further noted that Plaintiff's February 2023 behavior health diagnostic assessment described Plaintiff as well groomed, with appropriate posture and relaxed psychomotor activity, normal speech and cooperative attitude, with no deficits in attention, disturbances in thought content, average to above average intellectual abilities and full orientation to person, place, time and situation. (*Id.*). Clinical observations from Plaintiff's primary care provider during this time similarly noted good judgment, normal mood and affect, active alert, no disturbances in thought process/orientation, and reported improvement in mood and anxiety with medication. Consistent with these records, mental status descriptions from 2024 indicated that, despite endorsing hallucinations and exhibiting sad and flat mood and affect, Plaintiff was not psychotic, was calm and guarded, her cognition was alert and oriented to the

situation with average intelligence, she had intact thought process, and no suicidal ideation. (Tr. 31).[3]

In evaluating the consistency of Miller's opinion, the ALJ also considered the testimony of Dr. Brooks, which the ALJ found mostly persuasive. (Tr. 32-33). As noted by the ALJ, Brooks reviewed the entire record and supported his testimony with specific treatment notes within the record. Specifically, Brooks highlighted records noting intact cognitive function and the lack of psychosis/psychotic features. (Tr. 72-76). Based on his review of the record, Brooks testified that Miller's medical source statement was not consistent with the record as a whole. (*Id.* at 76).

In sum, the ALJ properly evaluated Nurse Practitioner Miller's medical source statement and opinions, adequately explained why they lacked support from the provider's own treatment notes, and explained why they were inconsistent with the broader record, including the testimony of Dr. Brooks. Although Plaintiff may disagree with the ALJ's decision, she has not shown that it was outside the ALJ's permissible "zone of choice" that grants ALJs discretion to make findings without "interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Furthermore, to the extent that Plaintiff asks this Court to reweigh the evidence it is the sole responsibility of the ALJ to evaluate the evidence in the record and determine the RFC. *See* 20 C.F.R. § 416.946; *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). *See* also *Whetsel v. Comm'r of Soc. Sec*., No. 2:15-cv-3015, 2017 WL 443499, at *8 (S.D. Ohio Feb. 2, 2017) ("it is not this Court's job to reweigh the evidence, but only to

[3] The ALJ further noted that Plaintiff received no more than conservative treatments, denied medication changes, stopped medications on her own, and reported improvement during periods of compliance. (Tr. 32). According to the ALJ, "[i]t is reasonable to surmise if the claimant was as limited as alleged, she would have sought treatment in a manner more consistent with her allegations." (Tr. 32).

determine if the ALJ has evaluated it in a reasonable fashion."); *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x. 586, 588 (6th Cir. 2019) ("[t]his [C]ourt does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job.").

Accordingly, the undersigned finds that the ALJ properly evaluated the prior administrative medical findings and the decision is otherwise supported by substantial evidence.

**III. Conclusion and Recommendation**

Because the Commissioner's decision reflects no reversible error and is supported by substantial evidence, **IT IS RECOMMENDED THAT** the decision be **AFFIRMED** and that this case be **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

EVA A.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-292

Rose, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).